IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:06CV00645 |
| ) | Honorable Gladys Kessler |
| TA HARBOR PARKING, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE
DEFAULT AND TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS, OR IN
THE ALTERNATIVE, TO QUASH SERVICE OF PROCESS**

Defendant, TA Harbor Parking, LLC ("Harbor Parking"), submits this Memorandum in support of its motion to set aside default and to dismiss for insufficient service of process, or in the alternative, to quash service of process. Because the Plaintiff has failed to properly serve Harbor Parking pursuant to Rule 4 of the Federal Rules of Civil Procedure, this Court lacks the authority to exercise personal jurisdiction over Harbor Parking and the default entered by the Clerk of Court on August 22, 2006, is void. Therefore, the motion to set aside the default and to dismiss for lack of personal jurisdiction over Harbor Parking as a result of insufficient service of process should be granted. Alternatively, Harbor Parking requests that this Court quash service of process, as it fails to comply with Rule 4 of the Federal Rules of Civil Procedure.

**I.   INTRODUCTION**

Upon information and belief, on or about April 7, 2006, Plaintiff, Russell Holt, filed the *Complaint* in this case in the United States District Court for the District of Columbia against Central Parking System of Virginia, Inc. (TA Harbor Parking, LLC). This pleading was not served upon Harbor Parking.

On or about June 2, 2006, Plaintiff filed the *Amended Complaint* in this case in the United States District Court for the District of Columbia against TA Harbor Parking, LLC. This pleading was never served upon Harbor Parking.

There is no entity known as "TA Harbor Parking, LLC," and based upon the earlier pleadings, Harbor Parking must question whether or not Plaintiff is even focusing on the proper defendant.

A copy of the *Amended Complaint* was left at the parking lot at 900 Wisconsin Avenue, N.W., in Washington D.C. at some undetermined time in the latter part of June or early July. To the knowledge of Harbor Parking, LLC, it was simply left without delivery to any particular person and Harbor Parking, LLC, is unable to determine in whose hands this pleading was actually delivered.

Harbor Parking, LLC, is a Virginia limited liability company and does not own the real property where the pleading was delivered as that property is owned by the U.S. Parks Service. Nevertheless, there has always been handicapped parking available at this parking lot, making this case a total contrivance.

James E. Lewis, Sr. ("Mr. Lewis"), the sole owner and managing member of Harbor Parking, recently discovered unopened envelopes at the cashier's booth at the Harbor Parking lot. Mr. Lewis immediately contacted undersigned counsel to represent Harbor Parking in this matter.

Upon viewing the record of this case, counsel for Harbor Parking discovered that the Return of Service, dated July 10, 2006 (Document No. 9), claims that personal service was made on a Jamie Peterson (Mr. Peterson), and alleges that Mr. Peterson is an authorized representative of TA Harbor Parking, LLC.

Mr. Peterson is unknown to Harbor Parking. Mr. Peterson is not, and never has been, an employee of Harbor Parking, and certainly never an authorized representative of Harbor Parking. As set forth in his Affidavit, Mr. Lewis is in no way aware of the identify of Mr. Peterson. Mr. Peterson is not an employee, associate, agent, or in any way affiliated with Harbor Parking. *See* Exhibit 1 (Lewis Aff.) at ¶¶ 4-6.

Harbor Parking, LLC, had, as its registered agent at the time of the alleged service by personal service, James E. Lewis, Sr., but this pleading was not served on him. Nor, has the *Summons*, *Compliant* or *Amended Complaint* been served on any officer, manager, general agent, or any other individual affiliated with Harbor Parking. As such, there is no basis for this Court to exercise personal jurisdiction over Harbor Parking.

## II.   PLAINTIFF HAS NOT PERFECTED SERVICE OF PROCESS AGAINST HARBOR PARKING IN THIS CIVIL ACTION.

Service of process is the necessary means by which a court asserts jurisdiction over the parties. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987). In any civil action commenced in the federal courts, service of process is controlled by Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). *See id.* Purportedly, Plaintiff attempted service pursuant to Rule 4(h), Service upon Corporation and Associations, which states in relevant part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1),[1] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

In analyzing service of process under Rule 4(h), the court must "ascertain whether the person who actually received a summons and a complaint can be deemed 'an officer, a managing or general agent, or ... any other authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service,' so as to effectuate service on the corporation [or other unincorporated association]." *See Baade v. Price*, 175 F.R.D. 403, 404-405 (D.C. 1997). The person upon which a summons and a complaint are served must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office. *See id.* at 405. Additionally, "the recipient must also have at least such status that common sense would expect the recipient to see that the summons promptly gets into the hands of the appropriate personnel. Further, <u>the recipient must be working for the defendant at the time of service</u>." *Id.* (citations omitted) (emphasis added).

In *Baade*, the plaintiff brought a medical malpractice suit against her treating physician and the George Washington University Medical Center ("GWU"). *See id.* at 404. Plaintiff attempted to service process on GWU by requesting the U.S. Marshal to deliver the summons

---

[1] Rule 4(e)(1) allows for service of process pursuant to the law of the state in which the District Court is located. However, service of process on a corporate entity or other unincorporated association in the District of Columbia is identical to federal law. *See* Dist. of Columbia Super. Ct. R. 4(h); *see also Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 2 n.3 (2004).

and complaint to the treating physician's office in Chevy Chase, Maryland. *Id.* The Marshal left the summons and complaint with the treating physician's receptionist. *Id.* GWU challenged plaintiff's service on it by arguing that the receptionist is not an agent authorized by law or by GWU to receive service of process on its behalf. *Id.* at 405. GWU also submitted an affidavit attesting that secretaries working for GWU do not have authority to accept service of process on its behalf. *Id.* The court concluded that there was no obligation for the receptionist to deliver the summons and complaint to GWU. *Id.* The court further concluded that the receptionist was not even an employee of GWU. *Id.* After noting that "the law is clear and mandates that there be strict compliance to Rule(h) and it is irrelevant whether or not defendant GWU had actual notice of the lawsuit,"[2] the court quashed service on GWU and set aside the Clerk's entry of default. *Id.*

In the case currently before the Court, Plaintiff has failed to comply with the requirements of Rule 4. In fact, this case is even more egregious than in *Baade*.[3] Plaintiff, here, has alleged to have personally served an individual named Jamie Peterson. *See* Document No. 9. However, Mr. Peterson is not "an officer, a managing or general agent, or ... any other authorized by appointment or by law to receive service of process" on behalf of Harbor Parking. *See* Exhibit 1 (Lewis Aff.) at ¶¶ 4-6. Further, Mr. Peterson is not even an employee of Harbor Parking. *See id.* In fact, Mr. Lewis has no knowledge of any individual by the name Jamie Peterson. *See id.* As a

---

[2] Harbor Parking, however, had no knowledge, actual or otherwise, of this lawsuit.

[3] Unlike in *Baade* where the plaintiff may have reasonably believed, albeit incorrectly, that the receptionist was authorized to accept service on behalf of GWU or that GWU had actual notice of the litigation, service by Plaintiff in this case was done by private process server on an unknown individual and Harbor Parking had no way of knowing of this litigation.

result of Plaintiff's lack of compliance with Rule 4, Harbor Parking was never made aware of this litigation. Under these facts, there is no authority for this Court to exercise personal jurisdiction over Harbor Parking. *See Combs*, 825 F.2d at 442.

### III. DEFAULT ENTERED AGAINST HARBOR PARKING IS VOID AND MUST BE SET ASIDE.

Rule 55(c) of the Federal Rules of Civil Procedure allows a court to set aside an entry of default if good cause is established. *See Baade*, 175 F.R.D. at 405. Additionally, although the decision to set aside a default is vested in the sound discretion of the trial court, there is a "strong policy favoring the adjudication of a case on its merits, [and] the court's decision whether or not to set aside an entry of default is reviewed for abuse of discretion.." *Id.* The district court must consider:

> (1) whether defendant's default was willful;
> (2) whether setting aside the default would prejudice plaintiff; and
> (3) whether defendant has asserted a meritorious defense.

*Id.* at 405-06 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Significantly, the court must construe all ambiguous and disputed facts in the light most favorable to the moving party when balancing these three factors. *Id.* at 406.

First, there is no basis to claim that Harbor Parking willfully let itself fall into default. Harbor Parking had no notice of this litigation as a result of Plaintiff's service on an individual unknown to Harbor Parking. Without notice of the litigation Harbor Parking was not aware that

it needed to file a responsive pleading.[4]  It cannot be said that Harbor Parking willfully ignored this litigation and chose to let itself fall into default.  Harbor Parking promptly filed this motion upon learning of this litigation.

Second, setting aside the default would not prejudice Plaintiff.  There is nothing preventing Plaintiff from properly serving an appropriate officer at Harbor Parking in the future.  Harbor Parking is a Virginia limited liability company in good standing and its information is readily available to any attorney (or layperson for that matter) inclined to make a five minute telephone call or perform five minutes of internet research.[5]  Additionally, a simple telephone call to Mr. Lewis or the undersigned counsel could have prevented the need for this litigation in the first place.

Third, Harbor Parking has meritorious defenses.  Most significantly, the court does not have personal jurisdiction over Harbor Parking as adequate service is lacking.  *See* Section II.  Any judgment entered against Harbor Parking is void.  *See Combs*, 825 F.2d at 441-42.[6]  In addition to the aforementioned absolute defense, Harbor Parking disputes the factual allegations

---

[4] Courts have noted that Rule 4(h) is designed to "lift from the defendant's shoulders the burden of combing through court dockets to determine if suit has been filed against it in the District of Columbia."  *See Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 n.4 (2004).

[5] "Rule 4(h) requires that plaintiff use due diligence before service of process to determine the proper agent and to conform to the requirements of the rule."  *See Whitehead*, 221 F.R.D. at 3 (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1376-77 (7th Cir. 1993)).

[6] This third prong may not even be necessary for the court's consideration here because "[a] party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity."  *Id.*

in Plaintiff's *Amended Complaint*. Harbor Parking has had handicap parking on its lot for many, many years.[7]

Considering the forgoing, good cause exist to set aside the Default entered by the Clerk of Court and it would be an abuse of discretion for this Court not to do so.

**IV.    THIS CASE MUST BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS OVER HARBOR PARKING, OR, IN THE ALTERNATIVE, SERVICE OF PROCESS MUST BE QUASHED.**

"This Court may dismiss an action pursuant to Rule 12(b)(5) [of the Federal Rules of Civil Procedure] if a defendant did not receive sufficient service of process." *Rogers v. The Washington Fairmont Hotel*, 404 F.Supp.2d 56, 57 (2005) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). It is also noted that "'[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'" *See Light v. Wolf*, 816 F.2d 746, 751 (D.D.C. 1987) (citations omitted).

In the case currently before the Court, Harbor Parking has demonstrate that it did not receive proper service of process of this action and that it never received proper notice of these proceedings. *See* Section II. As such, Harbor Parking requests that this Court dismiss this action

---

[7] If Plaintiff has concerns with any aspect of Harbor Parking's handicap parking, he need only bring those concerns to the attention of Harbor Parking or the undersigned counsel. Plaintiff's rush to litigation, as evidenced by his inability to even determine the proper identity of the Defendant before filing his *Complaint*, is inexcusably wasteful, inefficient and a drain on the resources of Harbor Parking and this Court.

against Harbor Parking, without prejudice to Plaintiff. In the alternative, Harbor parking requests that this Court quash the improper service purportedly made on Harbor Parking.

**V.    CONCLUSION.**

For the foregoing reasons, the Default entered by the Clerk of Court on August 22, 2006, must be set aside and Plaintiffs' Complaint should be dismissed for insufficient service of process on Harbor Parking, or, in the alternative, service purportedly made on Harbor Parking should be quashed.

                                Respectfully submitted,

                                HARBOR PARKING, LLC
                                By Counsel

     s/Gregory L. Murphy
_____
Gregory L. Murphy, Esq. (VSB# 12560)
VORYS, SATER, SEYMOUR AND PEASE LLP
277 S. Washington Street, Suite 310
Alexandria, Virginia  22314
(703) 837-6999 Phone
(703) 837-6980 Facsimile

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules, I certify that on this 4th day of October, 2006, a copy of the foregoing *Motion to Set Aside Default and to Dismiss For Insufficient Service of Process, or in the Alternative, to Quash Service*, the *Memorandum* and *Affidavit* in support thereof and the proposed Order was filed electronically.  Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system and U.S. mail, and parties may access this filing through the Court's system:

>Gene R. Zweben, Esquire
>Schwartz Zweben and Slingbaum, LLP
>205 SW Winnachee Dr.
>Stuart, Floridia 34994-7105
>Telephone:   (772) 223-5454
>Fax:            (772) 463-0778

>Jason E. Miles, Esquire
>Schwartz, Zweben and Slingbaum, LLP
>51 Monroe Drive, Suite 812
>Rockville, MD 20850
>Telephone:   (301) 294-6868
>Fax:            (301) 294-6480

>                    s/Gregory L. Murphy
>                    _____
>                    Gregory L. Murphy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:06CV00645 |
| | ) |
| TA HARBOR PARKING, LLC, | ) |
| | ) |
| Defendant. | ) |

**(PROPOSED) ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DISMISSING FOR INSUFFICENT SERVICE**

Upon consideration of Defendant Harbor Parking, LLC's motion, it is hereby

**ORDERED** that the Defendant Harbor Parking, LLC's Motion to Set Aside Default entered by the Clerk of Court on August 22, 2006, in favor of Plaintiff Russell Holt and against Defendant Harbor Parking, LLC is **GRANTED**; and it is further

**ORDERED** that the Default entered by the Clerk of Court on August 22, 2006, in favor of Plaintiff Russell Holt and against Defendant Harbor Parking, LLC is hereby set aside; and it is further

**ORDERED** that Defendant Harbor Parking, LLC's Motion to Dismiss for Insufficient Service of Process be, and the same hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint be, and the same hereby is, **DISMISSED**.

_____
Honorable Gladys Kessler
United States District Judge