**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RUSSELL HOLT,

    Plaintiff,

vs.                                                        CASE NO.: 1:06-cv-00645
                                                             Judge Kessler

TA HARBOR PARKING, LLC,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT, and AMEND THE STYLE OF THE CASE IN RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND TO DISMISS (Docket #15 and #16)**

Plaintiff, RUSSELL HOLT, (hereinafter referred to as "Plaintiff"), pursuant to Fed.R.Civ.P. 15, and by and through undersigned counsel, hereby moves this Honorable Court for leave to file an Amended Complaint and Amend the Style of the Case, in response to Dockets #15 and #16, Defendant's Motion to Set Aside Default and to Dismiss, and in support thereof states:

**BACKGROUND**

1.     On June 2, 2006, Plaintiff commenced this action against Defendant, TA Harbor Parking, LLC, by filing an Amended Complaint alleging violations of Title III of the Americans With Disabilities Act ("ADA") for alleged barriers to access denying Plaintiff full, safe and equal access to the open air parking lot located at the intersection of Wisconsin Ave., N.W. and K Street, N.W., near Washington Harbor, Washington, D.C.

1

2. On June 17, 2006, plaintiff's counsel filed the Return of Service (See Docket #9) showing that a Jamie Peterson, was an authorized representative of defendant corporation and accepted service on Defendant's behalf on July 10, 2006.[1]

3. On August 21, 2006, (See Docket #10), plaintiff filed his Motion for Entry of Clerk's Default as a result of Defendant's failure to file a responsive pleading or contact plaintiff's counsel. On August 22, 2006, the Clerk's Default was entered with the Court.

4. In response to Plaintiff's' Motion For Default, Defendant, HARBOR PARKING, LLC, filed his Motion to Set Aside Default and to Dismiss on October 4, 2006 (See Dockets #15 and #16), alleging that Mr. James E. Lewis, Registered Agent and sole owner of HARBOR PARKING, LLC did not authorize anyone to accept service on behalf of HARBOR PARKING LLC., nor does he know a Jamie Peterson (See Affidavit in Support of Motion to Quash Service, p.1)

5. Subsequently, the undersigned attempted to contact defense counsel, Gregory Murphy in an effort to confer on the instant motion, and was advised that Mr. Murphy would be out of the office until next week. Inasmuch as a response to Defendant's pending motion is required by plaintiff, and the contents of defendant's Motion to Set Aside the Default are clear to the undersigned, plaintiff has no objection to the setting aside of the Default.

---

[1] Please Take note that James Lewis is named as registered agent for current defendant, TA Parking Harbor LLC, whose address is the same physical address as the subject property. After performing a search with the Maryland Secretary of State, the current Defendant, TA Harbor Parking LLC is no longer an active corporation. Defendant's Motion indicates proper party defendant to be HARBOR PARKING LLC. However, at the time of the filing of the First Amended Complaint, plaintiff's due diligence search clearly showed TA HARBOR PARKING LLC as the only corporation linked to the subject property

6. Upon information and belief, Plaintiff had complied with the due diligence requirement under Fed.R.Civ.P. 11, prior to filing his Amended Complaint. It is evident that James E. Lewis is the owner of both, the current defendant corporation, TA PARKING LLC and future amended defendant corporation, HARBOR PARKING LLC. By Mr. Lewis' own admission, HARBOR PARKING, LLC is the owner of the real property at issue in this case. As such, the Plaintiff respectfully requests that this Honorable Court grant leave to file his Amended Complaint naming Defendant, HARBOR PARKING, LLC as the proper party Defendant and amending the case style accordingly.

**MEMORANDUM OF LAW**

**A. Plaintiffs' Reason for Amending the Complaint Comports with the intent of Fed.R.Civ.P. 15**

7. It is well established that leave to amend shall be freely granted when justice so requires (Fed.R.Civ.P. 15). In *Dunn v. Airline Pilots Association*, 836 F.Supp 1547 (S.D. Fla. 1993), the Court expressed its policy to freely grant leave to amend to address all substantive issues to deny leave when the denial is reasonably necessary due to undue prejudice or the futility of the amendment. Further, in *Noland v. Douglas County*, 903 F.2d 1546, 1550 (11th Circuit 1990), the Court enumerated the following factors that the Court should consider in deciding whether to grant a Motion to Amend: (A) Undue delay, bad faith or dilatory motive on the part of the movant; (B) Repeated failure to cure deficiencies by amendments previously allowed; (C) Undue prejudice to the opposing party by virtue of allowance of the amendment; and (D) Futility of the amendment. The Plaintiff's Second Amended Complaint is not being offered for purposes of delay, as the Plaintiff will amend his Complaint to include the proper owner

3

of the property at the open air parking lot located at the intersection of Wisconsin Ave., N.W. and K Street, N.W., near Washington Harbor, Washington, D.C., HARBOR PARKING, LLC, and ask that this Court dismiss Defendant TA HARBOR PARKING LLC as a Defendant.  Plaintiff respectfully submits that he seeks to amend his Complaint in good faith and that the Defendant will not be prejudiced as a result.

**RELIEF REQUESTED**

WHEREFORE, consistent with the foregoing, Plaintiff respectfully requests that the Court enter an Order granting the Motion for Leave to File an Amended Complaint and providing that the attached Amended Complaint (Exhibit "A") be deemed filed *nun pro tunc,* adding Defendant, HARBOR PARKING, LLC, and dismissing Defendant TA HARBOR PARKING, LLC and amending the style of the case accordingly.

Dated:  October 10, 2006

Respectfully submitted,           By:     s/Jason E. Miles
                                          Jason E. Miles, Esquire
                                          Maryland Bar No. 26349
                                          Schwartz, Zweben & Slingbaum LLP
                                          51 Monroe Drive, Suite 812
                                          Rockville, MD  20850
                                          Telephone:     (301) 294-6868
                                          Facsimile:     (301) 294-6480
                                          jmiles@szalaw.com
                                          Gene Zweben, Esquire
                                          Florida Bar No. 0088919
                                          Attorneys for Plaintiff
                                          Schwartz, Zweben & Slingbaum, LLP
                                          205 SW Winnachee Drive
                                          Stuart, Florida 34994-7105
                                          Telephone:     (772) 223-5454
                                          Fax:           (772) 463-0778
                                          gzweben@szalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2006, I electronically filed the foregoing document to the Clerk of the Court and the following ECF Registrant: Gregory L. Murphy, Esquire.

s/Jason E. Miles  
Jason E. Miles, Esquire
