UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT
21618 Slidell Road
Boyds, Maryland 20841

    Plaintiff,

vs.                              CASE NO.: 1:06CV00645
                                    Judge Kessler

HARBOR PARKING, LLC
1371 Lancia Drive
McLean VA  22102

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, RUSSELL HOLT ("Plaintiff"), through his undersigned counsel, hereby files this Amended Complaint and sues, HARBOR PARKING, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the District of Columbia.

3.     Plaintiff, RUSSELL HOLT (hereinafter referred to as "MR. HOLT") is a resident of the State of Maryland and is an individual with a qualified disability under the ADA. MR. HOLT suffers from a spinal cord injury that constitutes a "qualified

1

disability" under the ADA and all other applicable Federal statutes and regulations. MR. HOLT requires the use of a wheelchair for mobility. Mr. Holt works in Washington, D.C. Prior to instituting the instant action, MR. HOLT personally visited one of the Defendant's premises, the open air parking lot located at the intersection of Wisconsin Ave., N.W. and K Street, N.W., near Washington Harbor, Washington, D.C. (hereafter referred to as the "PREMISES"), and attempted to avail himself of the goods, services and accommodations offered therein and was denied full, safe and equal access to the Defendant's premises due to the Defendant's lack of compliance with the ADA. MR. HOLT continues to desire and has a present intention to visit the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the barriers to access which continue to exist in violation of the ADA..

4. The Defendant, HARBOR PARKING, LLC, (hereinafter referred to as the "HARBOR PARKING") is authorized to conduct and is conducting business in the District of Columbia. Upon information and belief, HARBOR PARKING is the owner and/or operator of the real property and improvements which is the subject of this action, to wit: the PREMISES.

5. All events giving rise to this lawsuit occurred in the District of Columbia.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff re-alleges and re-avers paragraphs one through five.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C.

2

§12181; 20 C.F.R. §36.508(A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the PREMISES owned and/or operated by HARBOR PARKING is a place of public accommodation in that it is a parking lot, which provides goods and services to the public.

9. HARBOR PARKING has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full, safe and equal access to the goods, services, facilities, privileges, advantages and/or accommodations at the PREMISES in derogation of 42 U.S.C. § 12101 et. seq.

10. Prior to the filing of this lawsuit, the Plaintiff visited the PREMISES and was denied full, safe and equal access to the benefits, accommodations and services of HARBOR PARKING'S place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and has a present intention to visit the PREMISES in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the PREMISES in violation of the ADA. MR. HOLT has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. HARBOR PARKING is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

      i.    There are no accessible parking spaces provided;

      ii.   There is no accessible path of travel provided within the PREMISES leading from the parking spaces to the public sidewalk.

13.    There are other current violations of the ADA at the PREMISES owned and/or operated by HARBOR PARKING which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

15.    Pursuant to the ADA, 42 U.S.C. § 12101 <u>et. seq.</u>, and 28 C.F.R. § 36.304, HARBOR PARKING was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, HARBOR PARKING has failed to comply with this mandate.

16.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by HARBOR PARKING pursuant to 42 U.S.C. § 12205.

17.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

      WHEREFORE, the Plaintiff demands judgment against HARBOR PARKING

and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and/or administered by HARBOR PARKING is not in compliance with the mandates of the ADA;

    B.    That the Court enter an Order directing HARBOR PARKING to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing HARBOR PARKING to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated: October 10, 2006.                      Respectfully submitted,

                                        By:    s/Jason E. Miles
                                                Jason E. Miles, Esquire
                                                Maryland Bar No. 26349
                                                Schwartz, Zweben & Slingbaum LLP
                                                51 Monroe Drive, Suite 812
                                                Rockville, MD  20850
                                                Telephone:    (301) 294-6868
                                                Facsimile:    (301) 294-6480
                                                **jmiles@szalaw.com**
                                                Gene Zweben, Esquire
                                                Florida Bar No. 0088919
                                                Attorneys for Plaintiff
                                                Schwartz, Zweben & Slingbaum, LLP
                                                205 SW Winnachee Drive
                                                Stuart, Florida 34994-7105
                                                Telephone:    (772) 223-5454
                                                Fax:            (772) 463-0778
                                                gzweben@szalaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 10, 2006, I electronically filed the foregoing document as Exhibit "A" to the Clerk of the Court and the following ECF Registrant: Gregory L. Murphy, Esquire.

                                                    s/Jason E. Miles
                                                   Jason E. Miles, Esquire

Case 1:06-cv-00645-GK    Document 19-2    Filed 10/11/2006    Page 6 of 6