IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT,                       )
                                  )
            Plaintiff,          )
                                    )
v.                              )       Case No.: 1:06CV00645
                                  )       Honorable Gladys Kessler
HARBOR PARKING, LLC,         )
                                  )
           Defendant.      )

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLERK'S
DEFAULT AGAINST DEFENDANT, HARBOR PARKING, LLC</u>**

COMES NOW your Defendant, HARBOR PARKING, LLC, by counsel, and submits this *Opposition* to Plaintiff, RUSSELL HOLT'S *Motion for Clerk's Default Against Defendant, Harbor Parking* ("*Motion*"). In support of his *Opposition*, Defendant states as follows:

1.       Plaintiff filed his *Second Amended Complaint* (document No. 20) on October 11, 2006.

2.       At the time Plaintiff filed his *Second Amended Complaint*, the undersigned counsel was out of the country.

3.       The undersigned counsel became aware that there was activity in this case when he received several notices of electronic filings on his Palm Treo. He could not, however, access the substance of the notices.

4.       The undersigned counsel forwarded the notices to an associate of his law firm by e-mail, so that she could review the contents of the notices.

5.    Upon information and belief, Randi McGrady, a legal assistant at Plaintiff's counsel's law firm unsuccessfully attempted to e-mail a *Waiver of Service* to the undersigned's secretary on Thursday, October 12, 2006.  This e-mail, however, was not addressed properly and did not reach its proper destination.

6.    Subsequently, the undersigned's secretary contacted Plaintiff's counsel to inquire as to when they were going to send the *Waiver of Service*.

7.    Upon information and belief, Plaintiff's counsel, Jason Miles, acknowledged that the *Waiver of Service* was sent to the wrong e-mail address.  He then resent the *Waiver of Service* to the undersigned counsel's secretary, not counsel, at 4:27 p.m. on Friday, October 13, 2006.  Due to this essentially arriving at the close of the business day, it was not available to an associate attorney to review until the next business day, Monday, October 16, 2006.

8.    The undersigned counsel requested that an associate attorney of his firm review the *Waiver of Service* and authorized her to sign his name on the *Waiver of Service*, if it was acceptable.

9.    Upon his return, in order to determine the status of the pending pleadings, the undersigned counsel reviewed the U.S. District Court of the District of Columbia's Civil Docket for Case #: 1:06CV00645, which revealed that Plaintiff had filed his *Second Amended Complaint* (document No. 20) on October 11, 2006.

10.    The undersigned also discovered, that according to the Court's Civil Docket the *Waiver of Service* (document No. 21) was filed on October 16, 2006, that the waiver was sent on October 16, 2006, and that the answer was due on December 16,

2006. *See* U.S. District Court of the District of Columbia's Civil Docket for Case #: 1:06CV00645.

11.    On Wednesday, December 13, 2006, Plaintiff filed his M*otion for Clerk's Default Against Defendant Harbor Parking, LLC* (document No. 22). However, this, filing must not have been filed properly as the Clerk appeared to correct same on Friday, December 15, 2006, stating that Plaintiff used the wrong ECF event.

12.    On Thursday, December 14, 2006, Defendant timely filed his *Answer to Second Amended Complaint* (document No. 23), in accordance with the entries on the Court's Docket Sheet.

13.    Defendant contends that it is not in default and that Plaintiff's *Motion* should be dismissed.

14.    First, Plaintiff did not send the *Waiver of Service* to Defendant when Plaintiff claims to have sent it on October 11, 2006. That date may have been the date that Plaintiff intended to send the *Waiver of Service* to Defendant, but counsel failed to do so and also never updated the date on their *Waiver of Service*.

15.    Second, Plaintiff has made several errors in placing information on the U.S. District Court of the District of Columbia's Civil Docket for Case #: 1:06CV00645. The information on the Court's Civil Docket clearly states that the waiver was sent on October 16, 2006, and that the answer was due on December 16, 2006. *See* U.S. District Court of the District of Columbia's Civil Docket For Case #: 1:06CV00645.

16.    Even to this date, there has never been a correction to docket entry No. 21 on the U.S. District Court of the District of Columbia's Civil Docket For Case #: 1:06CV00645. Therefore, one can only assume that the *Waiver of Service* was filed on

October 16, 2006, sent on October 16, 2006, and, therefore, an Answer was due from Defendant on or before December 16, 2006.

17.    The undersigned counsel was aware that there were delays on the part of Plaintiff in sending the *Waiver of Service* to Defendant and could not be certain from communications from Plaintiff's counsel when it was actually sent.  The undersigned counsel relied on the information supplied on the Court's Civil Docket to determine when Defendant's *Answer to Second Amended Complaint* was due—December 16, 2006.

18.    As Defendant filed its *Answer to Second Amended Complaint* on December 14, 2006, Plaintiff's *Motion* should be denied on the grounds that Defendant filed its *Answer* in a timely fashion.

19.    Additionally, according to the Court's records, the pending *Motion* has not been averred to by an affidavit, as none has been filed.  Consequently, the *Motion* should be denied on that ground as well.

WHEREFORE, Defendant, Harbor Parking, LLC, by counsel, respectfully requests that this Court DENY Plaintiff's *Motion for Clerk's Default Against Defendant, Harbor Parking*.

Respectfully submitted,


HARBOR PARKING, LLC
By Counsel



s/Gregory L. Murphy

_____
Gregory L. Murphy, Esq. (VSB# 12560)
VORYS, SATER, SEYMOUR AND PEASE LLP
277 S. Washington Street, Suite 310
Alexandria, Virginia  22314
(703) 837-6999 Phone
(703) 837-6980 Facsimile

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules, I certify that on this 29th day of December, 2006, a copy of the foregoing *Defendant's Opposition to Plaintiff's Motion for Clerk's Default Against Harbor Parking, LLC* and the proposed Order was filed electronically.  Service of this filing to all parties, including those listed below, will be accomplished by operation of the Court's ECF system and U.S. mail, and parties may access this filing through the Court's system:

Gene R. Zweben, Esquire
Schwartz Zweben and Slingbaum, LLP
205 SW Winnachee Dr.
Stuart, Floridian 34994-7105
Telephone:     (772) 223-5454
Fax:             (772) 463-0778

Jason E. Miles, Esquire
Schwartz, Zweben and Slingbaum, LLP
51 Monroe Drive, Suite 812
Rockville, MD 20850
Telephone:     (301) 294-6868
Fax:             (301) 294-6480

s/Gregory L. Murphy
_____
Gregory L. Murphy